UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Daniel L. Fancher, | Case No. _____ |
|     Plaintiff, | |
| vs. | COMPLAINT |
| Sokhom Klann and Andrew Allen in their individual capacities as officers of the Minneapolis Police Department and the City of Minneapolis, | JURY TRIAL DEMANDED UNDER FRCP 38(b) |
|     Defendants. | |

---

For his Complaint, plaintiff Daniel L. Fancher ("Fancher") hereby states and alleges as follows:

1. This is an action for money damages for injuries sustained by Fancher as a result of the Defendants' violation of his constitutional rights, including an unreasonable search and seizure, false arrest, and use of excessive force.

2. Fancher brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment of the United States Constitution, and 28 U.S.C. §§ 1331 and 1342(3). The aforementioned statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

3. Fancher, a 20-year-old male, is and was at all times material herein, a citizen of the United States and a resident of the State of Minnesota. Fancher is a student at the University of Minnesota and at the time of the subject incident was 19 years old, 5'10" tall and weighed 140-145 pounds. He is an Eagle Scout (and former member of his high school marching band).

4. Defendant Sokhom Klann ("Klann"), upon information and belief, was, at all times material herein, a citizen of the United States and a resident of the State of Minnesota, duly appointed and acting as an officer of the Minneapolis Police Department.

5. Defendant Andrew Allen ("Allen"), upon information and belief, was, at all times material herein, a citizen of the United States and a resident of the State of Minnesota, duly appointed and acting as an officer of the Minneapolis Police Department.

6. The City of Minneapolis is a municipality duly incorporated under the laws of the State of Minnesota.

7. On June 6-7, 2012, Fancher was at home in his apartment located at 1503 8th St. SE in the City of Minneapolis with two friends, Samuel Leese ("Leese") and Blake Madson ("Madson"), who were staying with him.

8. Fancher did not consume any alcohol or ingest any type of drug.

9. Fancher, Leese, and Madson were playing videogames in the early morning hours of June 7. Sometime after 3:00 a.m., Fancher's two friends went outside. After a few minutes, Fancher went to see what the two were doing.

10. As Fancher opened the exterior door of the apartment building, his friends came inside the door, so Fancher did not go out.

11. Within one minute of all three friends being back in the apartment, Defendants Klann and Allen broke into a bedroom window and entered the apartment.

12. Klann and Allen allegedly were in the area on a call that some teens were throwing unidentified objects at passing cars. The defendant officers claim their squad car was struck by a rock and they chased the suspect, allegedly Leese, first by car and then by foot behind Fancher's apartment building.

13. Klann and Allen claim they saw Leese enter the apartment through an open ground-floor window.

14. Klann and Allen entered through the bedroom window of the apartment damaging a screen in the process.

15. Klann and Allen entered the apartment without a warrant.

16. Klann and Allen entered the apartment without permission or consent.

17. Klann and Allen entered the apartment without exigent circumstances.

18. Fancher was in a hallway to the bedroom when he saw the defendant officers and asked them if there was a problem.

19. Without verbally responding to Fancher, Klann reached out and grabbed Fancher by the neck and then struck him in the head, likely with Klann's flashlight. Klann then threw him to the ground.

20. At the time Klann grabbed Fancher by the neck, Fancher's hands were at his sides and he had made no aggressive move whatsoever.

21. Further, at the time Klann grabbed Fancher by the neck, Fancher was not suspected of any crime whatsoever.

22. Klann then left Fancher in a heap, bleeding from a head laceration on the floor. Klann continued through the apartment allegedly in pursuit of Leese.

23. Allen entered the apartment behind Klann, rendered no assistance to Fancher, stepped over him, and continued on into the apartment.

24. Fancher's blood was spattered all over 2 walls and the vinyl-tiled floor, as depicted in the below photograph:



25. After securing the apartment, Allen and Klann handcuffed Fancher, Leese, and Madson and brought them to the squad car. On the way, Klann told Fancher, "I saw what your friends did."

26. Fancher and his friends were kept in the squad car for approximately 45 minutes. During this time, Fancher's injuries went untreated.

27. While Fancher was locked in the defendant officers' squad car both defendant officers went back into the apartment and one or both of them vandalized it.

28. Either one or both of the defendant offices smashed a flashlight or other object through the LCD TV in the apartment, destroying the TV, as depicted in the below photograph:

4



29.     Either one or both of the defendant officers destroyed a Sony laptop by slamming something down on top of it and then broke a speaker that was next to the laptop.

30.     Either one or both of the defendant officers struck and dented the refrigerator at least 15 times with a flashlight or other hard object. Despite the obvious ferocity of the assault, the refrigerator survived.

31.     Either one or both of the defendant officers threw trash all over the floor of the apartment.

32. At approximately 4:05 a.m., the defendant officers called an ambulance for Fancher due to his continued bleeding from the head.

33. The ambulance arrived and took Fancher to UM Fairview where Fancher was diagnosed with a 2 cm laceration to his scalp that was closed with several sutures.

34. Fancher has incurred over $2,500 in medical bills to date related to this incident.

35. Fancher was falsely charged with misdemeanor obstructing legal process, but that initial charge was quickly dropped.

36. A short time later, after Fancher's lawyers requested copies of the police reports from the incident, Fancher was falsely recharged with misdemeanor and gross misdemeanor obstructing legal process.

37. Eventually these charges were also dismissed for the following reason: "Discretion."

38. The force Defendant Klann used on Fancher was unauthorized, excessive, and constitutionally improper.

39. The force Defendant Klann used on Fancher was malicious and conducted for the very purpose of causing pain and injury.

40. Defendants Klann and Allen tried to cover up their misconduct by filing false and misleading police reports in this matter, including stating that Fancher's friend entered through the window and that Fancher attempted to grab the officers.

41. Fancher never physically resisted either of the officers.

42. The severity of any potential crime at issue was de minimis as Fancher was not suspected of any crime whatsoever at the time Klann used force.

43. Fancher did not pose an immediate threat to the safety of any of the police officers or others at any time.

44. Fancher did not attempt to evade arrest by flight and did not actively resist arrest.

45. Finally, the defendant police officers were armed with various weapons, including firearms, while Fancher had no weapon.

46. Plaintiff demands a jury trial as to all issues of fact herein.

## COUNT ONE
## 42 U.S.C. § 1983 – FOURTH AMENDMENT VIOLATIONS
## UNREASONABLE SEARCH AND SEIZURE
## BY DEFENDANTS KLANN AND ALLEN

47. Plaintiff realleges the allegations contained in each of the above paragraphs herein against Defendants Klann and Allen.

48. Defendants Klann and Allen violated Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures by forcibly entering Fancher's apartment without a warrant, exigent circumstances, permission, or consent.

49. By the actions described above, Defendants Klann and Allen, under the color of state law, violated and deprived Fancher of his clearly established and well-settled rights to be free from unreasonable searches and seizures.

50. The defendant officers subjected Fancher to this deprivation of rights either maliciously or acting with reckless disregard for whether Plaintiff's rights would be violated by these actions.

51. As a direct and proximate result of the acts and omissions of Defendants Klann and Allen, Fancher suffered injuries, was forced to endure pain and mental suffering and was thereby damaged in an amount yet to be determined, but believed to be well in excess of One Hundred Thousand Dollars ($100,000.00).

52. Punitive damages are available against Defendants Klann and Allen and are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983), and, as such, are not subject to the differing pleading standard set forth in Minn. Stat. § 549.20.

53. Plaintiff is entitled to recovery of his costs, including reasonable attorney fees, under 42 U.S.C. § 1988.

## COUNT TWO
## 42 U.S.C. § 1983 – FOURTH AMENDMENT VIOLATIONS
## EXCESSIVE FORCE BY DEFENDANT KLANN

54. Plaintiff realleges the allegations contained in each of the above paragraphs herein against Defendant Klann.

55. Defendant Klann violated Plaintiff's Fourth Amendment right to be free from excessive force by striking Fancher in the head and then kicking him multiple times even though he was not resisting, fleeing, or a danger to himself or others, and even though he had not committed any crime.

56. By the actions described above, Defendant Klann, under the color of state law, violated and deprived Fancher of his clearly established and well-settled rights to be free from excessive force.

57. Defendant Klann subjected Fancher to this deprivation of rights either maliciously or acting with reckless disregard for whether Fancher's rights would be violated by these actions.

58. As a direct and proximate result of the acts and omissions of Defendant Klann, Fancher suffered injuries, was forced to endure pain and mental suffering and was thereby damaged in an amount yet to be determined, but believed to be well in excess of One Hundred Thousand Dollars ($100,000.00).

59. Punitive damages are available against Defendant Klann and are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983), and, as such are not subject to the differing pleading standard set forth in Minn. Stat. § 549.20.

60. Plaintiff is entitled to recovery of his costs, including reasonable attorney fees, under 42 U.S.C. § 1988.

## COUNT THREE
## UNREASONABLE SEIZURE/FALSE ARREST
## BY DEFENDANTS KLANN AND ALLEN

61. Plaintiff realleges the allegations contained in each paragraph above herein against Defendants Klann and Allen.

62. On June 7, 2012, no warrant was issued for Fancher's arrest and he committed no crime in front of Klann and Allen.

63. Defendants Klann and Allen violated Plaintiff's well-established Fourth Amendment right to be free from unreasonable seizures and false arrests by arresting Fancher absent probable cause.

64. By the actions described above, Defendants Klann and Allen, under color of state law, violated and deprived Plaintiff of his clearly established and well-settled civil rights to be free from unreasonable seizure and false arrest.

65. Defendants Klann and Allen subjected Fancher to these deprivations of his rights in such a manner as to render them liable for punitive damages.

66. As a direct and proximate result of the acts and omissions of Klann and Allen, Fancher suffered injury, was forced to endure pain, suffering, humiliation, embarrassment, and emotional distress, and incurred needless attorney fees for his criminal defense and was therefore damaged in an amount exceeding One Hundred Thousand ($100,000) Dollars.

67. Punitive damages are available against Defendants Klann and Allen and are hereby claimed as a matter of federal common law under Smith v. Wade, 461 U.S. 30 (1983), and as such, are not subject to the pleading requirements or the differing standard of proof set forth in Minn. Stat. Ann. § 549.20.

68. Fancher is entitled to recovery of his costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

## COUNT FOUR
## CIVIL RIGHTS VIOLATION
## BY DEFENDANT CITY OF MINNEAPOLIS

69. Plaintiff realleges the allegations contained in each paragraph above herein against Defendant City of Minneapolis.

70. Defendant City of Minneapolis intentionally, knowingly, recklessly, or with deliberate indifference to the rights of citizens, failed to supervise, instruct, and train, including through proper discipline, Defendants Klann and Allen to refrain from using unreasonable force and unreasonable searches and seizures.

71. Before June 7, 2012, Defendant City of Minneapolis, with deliberate indifference to the rights of citizens, initiated, tolerated, permitted, failed to correct, promoted, and ratified a custom, pattern and practice on the part of its police personnel, including Defendants Klann and Allen, of using unreasonable searches and seizures and excessive force.

72. As of June 7, 2012, Defendant City of Minneapolis maintained a custom and practice of deliberate indifference to use of excessive force and unreasonable searches and seizures by its officers.

73. As a direct result of the acts and omissions, systematic flaws, policies and customs of Defendant City of Minneapolis, Fancher suffered injuries, was forced to endure unnecessary pain and mental suffering, and was thereby damaged in an amount yet to be determined, but believed to be well in excess of One Hundred Thousand Dollars ($100,000.00).

74. Plaintiff is entitled to recovery of his costs, including reasonable attorney fees, under 42 U.S.C. § 1988.

WHEREFORE, Plaintiff Daniel L. Fancher prays for judgment against the defendants as follows.

1. As to Count One, a money judgment against Defendants Klann and Allen for compensatory damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00)

and punitive damages in an amount to be determined by the jury, together with costs, including reasonable attorney fees, under 42 U.S.C. § 1988 and prejudgment interest;

2. As to Count Two, a money judgment against Defendant Klann for compensatory damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00) and punitive damages in an amount to be determined by the jury, together with costs, including reasonable attorney fees, under 42 U.S.C. § 1988 and prejudgment interest;

3. As to Count Two, a money judgment against Defendants Klann and Allen for compensatory damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00) and punitive damages in an amount to be determined by the jury, together with costs, including reasonable attorney fees, under 42 U.S.C. § 1988 and prejudgment interest;

4. As to Count Four, a money judgment against Defendant City of Minneapolis for compensatory damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00), together with costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

5. For such other relief as this Court deems just and equitable.

GASKINS BENNETT BIRRELL SCHUPP L.L.P.

Dated: 2/22/2013

Robert Bennett, #6713
Ryan O. Vettleson, #312915
Kathryn H. Bennett, #392087
333 South Seventh Street, #2900
Minneapolis, MN 55402
Telephone: 612-333-9500
rbennett@gaskinsbennett.com
rvettleson@gaskinsbennett.com
kbennett@gaskinsbennett.com
*Attorneys for Plaintiff*