UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-435(DSD/JJK)

Daniel L. Fancher,

        Plaintiff,

v.                                                    **ORDER**

Sokhom Klann and Andrew Allen,
in their individual capacities
as officers of the Minneapolis
Police Department,

        Defendants.

    This dispute arises out of a June 7, 2012, incident between plaintiff Daniel L. Fancher and defendants Sokhom Klann and Andrew Allen, in their individual capacities as officers of the Minneapolis Police Department.

    In his complaint, plaintiff alleged claims for (1) unreasonable search and seizure against both defendants, (2) excessive force against Klann, and (3) unreasonable seizure and false arrest against both defendants.[1]  The claims proceeded to jury trial from November 17-20, 2014.  After plaintiff rested, defendants moved for judgment as a matter of law on all claims.  After defendants rested, plaintiff moved for judgment as a matter of law, and defendants renewed their motion.  The court took the motions under advisement.  On November 20, 2014, the jury returned

---

[1] The court granted summary judgment in favor of defendants on Fancher's claim of municipal liability against the City of Minneapolis.  ECF No. 38.

a verdict in the amount of $27,640 for Fancher on his excessive force claim against Klann. The jury found for the defendants on all remaining claims. As a result, defendants' motions for judgment as a matter of law - except for Klann's motion for judgment as a matter of law on Fancher's excessive force claim - are now moot. Likewise, Fancher's motion for judgment as a matter of law on his excessive force claim is moot.

As to the remaining motions, judgment as a matter of law is appropriate only when all of the evidence, viewed in a light most favorable to the prevailing party, "points one way and is susceptible of no reasonable inference sustaining [the prevailing party's] position." Racicky v. Farmland Indus., Inc., 328 F.3d 389, 393 (8th Cir. 2003) (citation and internal quotation marks omitted). The court gives the jury's verdict substantial deference, but the jury cannot be afforded "the benefit of unreasonable inferences, or those at war with the undisputed facts." McAnally v. Gildersleeve, 16 F.3d 1493, 1500 (8th Cir. 1994) (citation and internal quotations omitted). After review, the court finds that the jury's verdict was not a product of unreasonable inferences and that the record supported the verdict. As a result, neither Fancher nor Klann are entitled to judgment as a matter of law. Having found that the verdict is supported by the evidence introduced at trial, the court will order that judgment be entered in favor of plaintiff.

Accordingly, **IT IS HEREBY ORDERED** that:

1.   The court adopts the verdict of the jury;

2.   Judgment is in favor of Fancher on the excessive force claim and against defendant Klann in the amount of $27,640;

3.   The jury found for defendants on Fancher's unreasonable search and seizure claim;

4.   The jury found for defendants on Fancher's unreasonable seizure and false arrest claim;

5.   The motion by plaintiff Fancher for judgment as a matter of law on his unreasonable search and seizure claim is denied;

6.   The motion by plaintiff Fancher for judgment as a matter of law on his unreasonable seizure and false arrest claim is denied;

7.   The motion by defendant Klann on Fancher's excessive force claim is denied;

8.   The remaining motions by plaintiff and defendants for judgment as a matter of law are denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 21, 2014

s/David S. Doty
David S. Doty, Judge
United States District Court
