```
             UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                 Civil No. 13-435(DSD/JJK)
```

Daniel L. Fancher,

        Plaintiff,

v.                                                          **ORDER**

Sokhom Klann and Andrew Allen,
in their individual capacities
as officers of the Minneapolis
Police Department and City of
Minneapolis,

        Defendants.

    Robert Bennett, Esq., Kathryn H. Bennett, Esq., Ryan O. Vettleson, Esq. and Gaskins, Bennett, Birrell and Schupp, LLP, 333 South Seventh Street, Suite 2900, Minneapolis, MN 55402, counsel for plaintiff.

    Sarah C.S. McLaren, Esq., Office of the Minneapolis City Attorney, 350 South Fifth Street, Room 210, Minneapolis, MN 55415, counsel for defendants.

This matter is before the court upon the motion for attorney's fees and costs by plaintiff Daniel L. Fancher. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion in part.

**BACKGROUND**

This excessive force and civil rights dispute arises out of a June 7, 2012, incident between Fancher and defendants Sokhom Klann and Andrew Allen. Fancher filed the instant action on February 22, 2013, alleging (1) unreasonable search and seizure, (2) unreasonable seizure and false arrest, and (3) excessive force.

Fancher also asserted a <u>Monell</u> claim against the City of Minneapolis, which the court dismissed on summary judgment. The remaining claims proceeded to trial, and on November 20, 2014, the jury found Klann liable to Fancher on the excessive force claim. The jury awarded Fancher $2,640 in compensatory damages and $25,000 in punitive damages. ECF No. 72. Thereafter, Fancher moved for $364,431.25 in attorney's fees and $8,670.97 in costs. The court now considers the motion.

**DISCUSSION**

**I.   Attorney's Fees**

In an action under § 1983, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "To be a prevailing party, a plaintiff must succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." <u>Gill v. Maciejewski</u>, 546 F.3d 557, 565 (8th Cir. 2008) (citation and internal quotation marks omitted). Klann does not dispute that Fancher is a prevailing party. As a result, only the reasonableness of the requested fees is at issue.

Because of the court's extensive contact with the parties and familiarity with the issues, determination of the reasonable amount of attorney's fees is "peculiarly within the ... court's discretion." <u>Greater Kan. City Laborers Pension Fund v. Thummel</u>,

738 F.2d 926, 931 (8th Cir. 1984).  In assessing the reasonableness of fees, the court considers:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983).  The court need not "examine exhaustively and explicitly, in every case, all of the factors that are relevant to the amount of a fee award."  Griffin v. Jim Jamison, Inc., 188 F.3d 996, 997 (8th Cir. 1999).  "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates."  Haniq v. Lee, 415 F.3d 822, 825 (8th Cir. 2005) (citation and internal quotation marks omitted).  In calculating the reasonable number of hours expended, the court excludes hours that are "excessive, redundant, or otherwise unnecessary."  Hensley, 461 U.S. at 434.

Klann first argues that the rates charged by Fancher's attorneys are unreasonable.  The burden is on the fee applicant to "produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of

reasonably comparable skill, experience and reputation." <u>Blum v. Stenson</u>, 465 U.S. 886, 895 n.11 (1984).  Fancher requests reimbursement at hourly rates ranging from $225 to $650 for counsel and $125 for paralegals.  <u>See</u> Bennett Aff. Ex. 6, at 38.  Similar rates have been determined to be reasonable for excessive force cases in this district.  <u>See</u> <u>Madison v. Willis</u>, No. 09-930, 2011 WL 851479, at *1 (D. Minn. Mar. 9, 2011) (approving rates ranging from $180 to $600 per hour for attorneys and $100 to $125 hours for paralegals); <u>King v. Turner</u>, No. 05-388, 2007 WL 1219308, at *2 (D. Minn. Apr. 24, 2007) (approving $500 hourly rate).  The rates are further supported by affidavits from local lawyers experienced with fee petitions in excessive force and other civil rights actions.  <u>See</u> Kaster Decl. ¶ 12; O'Neill Aff. at 4.  As a result, the court finds that the requested rates are reasonable, and a reduction is not warranted on this basis.

Klann next argues that the fee request should be reduced to account for vague billing entries.  Imprecise billing may warrant a reduction where the court cannot adequately review the fee application for excessive, redundant, or otherwise unnecessary hours.  <u>H.J. Inc. v. Flygt Corp.</u>, 925 F.2d 257, 260 (8th Cir. 1991).  The invoices submitted by Fancher's counsel include entries such as "Office conference," "Exchange emails," and "Trial preparation."  <u>See</u> McLaren Decl. Ex. C.  Because such entries do not identify the purpose underlying those tasks, the court cannot

determine whether that time was reasonably spent or was related to Fancher's successful excessive force claim. See Flygt, 925 F.2d at 260 (reducing fee award where entries for "legal research," "trial prep," and "met w/ client" prevented the court from determining whether those tasks related to the claims on which plaintiff prevailed). The court, however, can reasonably ascertain the purpose underlying some of the tasks by reviewing them in the context of more specific entries in the record.[1] The court was unable to do so with respect to $31,652.50 of the fees, and it reduces the award accordingly.

Klann next argues that the fee request should be reduced by $39,955.00 to account for excessive and redundant billing. Specifically, Klann argues that it was unreasonable for two attorneys to prepare for and attend certain depositions, review various pleadings and other documents, and prepare for motions and trial. See McLaren Decl. Ex. E. Although this dispute did not involve particularly complex legal or factual issues, the court does not find that it was unreasonable for Fancher's counsel to staff certain tasks with multiple attorneys. As noted by Fancher, it is common practice in civil rights cases for two attorneys to participate in depositions, motion practice, and trial. Indeed,

---

[1] For example, it is apparent that the April 29, 2014, entry by Robert Bennett for "Conference with Ryan Vettleson" corresponds to Vettleson's entry on the same day for a conference as to "settlement strategy." See Bennett Aff. Ex. 6, at 18.

Fancher's success can be attributed in part to these staffing decisions. The court, however, does find some inefficiencies in the billing record. In particular, the invoices reflect an inordinate amount of time spent on conferencing, email exchanges, and other correspondence between counsel. Although collaboration was certainly necessary to succeed in this action, the court finds that a modest five percent reduction is warranted for over-conferencing. As a result, the court reduces the award by an additional $16,638.94.

Klann next argues that a sixty percent reduction is warranted because Fancher prevailed on only one of his claims.[2] When, as here, "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Hensley, 461 U.S. at 436. "This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Id. In reducing a request for attorney's fees based

---

[2] Klann also argues that the award should be reduced because the amount of fees sought is substantially greater than Fancher's recovery at trial. See Maciejewski, 546 F.3d at 565 (stating that the amount of damages recovered "bear[s] on the quantum of fees awarded"). The court declines to reduce the requested amount on this basis, however, as Fancher prevailed on his primary excessive force claim and substantially succeeded in vindicating his rights. See Lash v. Hollis, 525 F.3d 636, 642-43 (8th Cir. 2008) ("[S]uccess in a civil rights case can be measured only in part by monetary success. As such, dramatic reductions in fee awards are not always required simply because the actual damage award is small or nominal.").

on limited success, the court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." Id. at 436-37.

Fancher's counsel notes that they have removed from their request any entries that clearly pertain to non-prevailing claims. See Bennett Aff. ¶ 22. Indeed, counsel excluded 10.1 hours of work related to the unsuccessful claims that were brought to trial, and further excluded or reduced time spent on Fancher's Daubert motion and unsuccessful Monell claim. See Bennett Aff. ¶¶ 20, 21; id. Ex. 6, at 5, 11, 16, 29, 34. Despite this reduction, it is evident from the record and from the court's experience with the case that additional time was spent toward the non-prevailing claims.

After a careful consideration of the Hensley factors, the court finds that an additional twenty-five percent reduction in fees is warranted. In particular, the court notes that Fancher's excessive force claim was the primary focus of the litigation, and that certain facts underlying the unsuccessful claims helped form a compelling narrative at trial and impeach the credibility of defense witnesses. In that respect, it was reasonable for Fancher to incur certain expenses in pursuing those claims. By doing so, however, Fancher broadened the scope of the litigation at additional cost to defendants. As a result, the court finds that a $79,034.95 reduction is warranted, and awards a total of

$237,104.86 in attorney's fees. This includes fees incurred pursuing the instant motion.

## II. Costs

Fancher next seeks $8,670.97 in costs. The prevailing party in a § 1983 action may recover as costs any "reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys." Pinkham v. Camex, Inc., 84 F.3d 292, 294-95 (8th Cir. 1996) (citing W. Va. Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 87 n.3 (1991)). Klann first argues that as an equitable matter Fancher should not recover any costs because he failed on five of his six claims. The court disagrees. As explained, Fancher is a prevailing party for purposes of § 1988, and as such his costs are recoverable. See Fed. R. Civ. P. 54(d)(1).

Klann also argues that Fancher is not entitled to recover $2,255 in costs associated with video recorded depositions. The court agrees that such costs are not reasonable out-of-pocket expenses under the circumstances presented here. In particular, the court notes that the four witnesses whose depositions were recorded also testified at trial, and that the cost of recording is redundant to the cost awarded for transcribing those same depositions. Cf. King, 2007 WL 1219308, at *4 (awarding $2,350.29 in costs for the taking of video depositions where witnesses were not available to testify at trial). As a result, the court awards Fancher a reduced $6,415.97 in costs.


**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for attorney's fees and costs [ECF No. 76] is granted in part;

2. Fancher is awarded $237,104.86 in attorney's fees and $6,415.97 in costs, inclusive of post-trial motions.

Dated:  April 21, 2015

                                                s/David S. Doty  
                                                David S. Doty, Judge  
                                                United States District Court